MARÍA DUEÑO DE GARCÍA, Plaintiff and Appellee, *v.* EVA MANGUAL SANTANA ET AL., Defendants and Appellants.

No. 5807. Argued June 16, 1932.—Decided November 22, 1932.

*González Fagundo & González Jr.* for appellants. *Arturo Aponte* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Mrs. Amelia Santana, widow of Mangual, acknowledged in a promissory note that she owed the plaintiff a certain sum of money, and a few months after her death suit was brought against her three children and only heirs, who are minors, to recover such debt. The defendants alleged as a defense that their mother's inheritance was accepted by their guardian under benefit of inventory. It was proved at the trial that the guardian of said minors made an inventory of the property left by their ancestor, and no evidence was offered to show that the guardian had obtained judicial authorization to accept said inheritance without the benefit of inventory. The judgment rendered in the suit only contained a pronouncement adjudging the defendants to pay the amount claimed, and the defendants took this appeal from said judgment on the ground that the same fails to declare that said defendants are liable for said debt only to the extent of the property inherited from their mother.

They claim the violation of sections 959, 282 (10), and 989 of the Revised Civil Code.

Section 959 provides that an inheritance left to minors may be accepted in the manner prescribed by subdivision 10 of section 282 and that, should the guardian accept it by himself, the acceptance shall be considered as made under benefit of inventory. Under subdivision 10 of section 282, it shall be necessary for the guardian to obtain the authorization of the proper district court to accept any inheritance without the benefit of inventory; and section 989 provides that the benefit of inventory produces the following effects in favor of the heir: He is not bound to pay the debts and other charges on the estate except to the extent of the property inherited; he retains against the estate all the rights and actions which he may have had against the deceased; and his private property shall not be merged with the property of the estate for any purpose whatever prejudicial to him.

Inasmuch as there was no showing that the guardian of the minors and appellants had been granted judicial authorization to accept for them and without the benefit of inventory the inheritance left by their mother, Mrs. Amelia Santana widow of Mangual, it must be concluded, in accordance with the legal provisions already cited, that the acceptance of the inheritance by the guardian is to be considered as made under benefit of inventory, and that therefore, the appellants are liable for the debt claimed only to the extent of the property which they inherited from their mother. The court below should have so held in its judgment against the defendants, and should have sustained the defense alleged and proved by the latter, and its failure to do this constitutes a violation of the said provisions of the Civil Code.

We do not know the reason why the court below rendered its judgment in the manner it did, but the plaintiff and appellee contends that said judgment should not be modified because the question of whether defendants are liable only to the extent of the property inherited from their mother

will arise through the institution of intervention proceedings, when the property is attached to enforce the judgment. This argument is based on the judgment of the Supreme Court of Spain, published in volume 81 of *Jurisprudencia Civil*, at page 1007.

We do not agree with appellee's contention. When plaintiff demanded payment of the debt contracted by the ancestor of the defendants, the question properly arose as to whether her heirs are liable for said debts only to the extent of the property inherited from her, since the inheritance was accepted under benefit of inventory. As regards the judgment cited, it holds that "where individual property of the heir is attached to secure an hereditary debt, said heir may attack the attachment through a proceeding in intervention, which is the proper remedy to enforce his right, just as in the case of any third party claimant, on the ground that his property is not liable for the debts of other persons"; but that judgment is not applicable to the present case as it was rendered in a proceeding, authorized by the Spanish Law of Civil Procedure, wherein, without the necessity of filing a complaint and on the sole petition of the solicitors representing the debtors, the property of the heirs was attached, and said heirs therefore had no other remedy to protect their rights with respect to the attached property except through proceedings in intervention; whereas in the case at bar there exists a complaint as well as an answer thereto, in which the defense already mentioned is alleged.

The judgment appealed from must be modified in the sense of holding that the defendants are liable for the debts of their mother, Mrs. Amelia Santana widow of Mangual, to the extent of the property inherited from her. As so modified, the judgment is affirmed.